IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:15-cv-504

**TIMOTHY and SHARON WIWEL**, and
**E.W.**, *a minor, by and through her parents*
*Timothy and Sharon Wiwel*,

                Plaintiffs,

vs.

**IBM MEDICAL AND DENTAL BENEFIT
PLANS FOR REGULAR FULL-TIME
AND PART-TIME EMPLOYEES**,

                Defendant.

**ORDER**

This matter is before the Court on the Plaintiffs' Consent Motion to Seal (D.E. # 122), which seeks to seal Plaintiffs' Reply to Defendant's Sealed Supplemental Response in Opposition to Plaintiffs' Motion for Further Relief (D.E. # 121; "Plaintiffs' Reply"). Plaintiffs' Reply was filed as a proposed sealed document on September 19, 2017.

Having considered Plaintiffs' Consent Motion to Seal, the arguments and authorities contained in Plaintiffs' accompanying Memorandum in Support, and the parties' pleadings and filings cited therein, the Court finds:

1. This ERISA action centers on Plaintiffs' application for continuing mental health care benefits for E.W. E.W. was a minor at the time of the mental health care at issue and at the time that this action was filed.

2. Plaintiffs allege that Defendant abused its discretion when it determined that, under the controlling plan terms, continued 24-hour inpatient care at a residential treatment center

in Utah was no longer medically necessary for E.W. and that E.W.'s mental health condition could be appropriately addressed in an outpatient setting within the context of an appropriately supervised and structured living arrangement. (D.E. # 1 at ¶¶ 49, 67).

3. With respect to the five factors identified in Section V.G.1 of this Court's *Electronic Case Filing Administrative Policies and Procedures Manual*, the Court finds:

   (i) Plaintiffs' Motion to Seal requests that the Court seal Plaintiffs' Reply (D.E. # 121) in its entirety;

   (ii) Consistent with L. Civ. Rule 26(a)(1) requiring the sealing of medical records, federal regulations governing the disclosure of protected health information, 45 C.F.R. § 164.501 *et seq.*, and the E-Government Act of 2002, Pub. L. § 205(c)(3), 116 Stat. 2899, 2914-15 (Dec. 17, 2002), the public's common law right of access and the First Amendment's presumption of access do not outweigh (1) E.W.'s right to privacy with regard to her medical records, protected health information, and sensitive medical information involving her mental health care treatment, (2) the compelling governmental interest requiring the sealing of documents related to minors in general and the sealing of sensitive medical information in particular, and (3) public release of such information in this action would not enhance the public's understanding of any important historical event;

   (iii) Due to the nature of Plaintiffs' ERISA claim, Plaintiffs' Reply heavily cites to, summarizes, and quotes sensitive medical information and medical records contained in the Administrative Record and Supplemental Administrative Record relating to E.W.'s mental health care, diagnoses, and treatment that, if made public, could potentially cause substantial embarrassment to E.W.;

(iv) The Court has considered less drastic alternatives to sealing Plaintiffs' Reply, and finds that redaction would be an implausible solution because discussion of E.W's sensitive medical information permeates the document and the only material remaining after redaction of the minor plaintiff's sensitive medical information from Plaintiffs' Reply would be the basic rubric, headings, procedural history, and certificate of service, which would be useless to parties outside this case. In this instance, only through sealing can the Court's policies of protecting a minor's identity and a litigant's medical information be fulfilled;

(v) Defendant consents to Plaintiffs' Motion to Seal.

Furthermore, the public has been given sufficient notice of the request to seal through the filing of the Plaintiffs' Motion to Seal and Supporting Memorandum on the Court's public docket. After providing a reasonable opportunity for members of the public to challenge the request to seal, no challenge has been made.

For the foregoing reasons and for good cause shown, the Court hereby ALLOWS the Plaintiffs' Motion to Seal and ORDERS that Plaintiffs' Reply (D.E. # 121) be sealed.

This the 21st day of September, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge